** Transmit Conf.Report **

P.1                                                    Mar 14 2016 09:51am
EBR CLERK OF COURT    Fax 2253893392

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915044335556 | Normal | 14:09:50am | 1'12" | 1 | O K | |



## DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Department
P.O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3992
Fax: (225)389-3392
www.ebrclerkofcourt.org

**FAX RECEIPT**

FROM:   SUIT ACCOUNTING DEPARTMENT          DATE:   Mar 10, 2016

FAX NUMBER:  (225) 389-3392                 SUIT NO.:   646648

TO:   JOHN REDMANN                          SECTION:   25

DAWN SEIF                          vs   STATE

Item(s) Received: PETITION FOR DAMAGES

Total Amount Due (includes all applicable fees below) $ 760.00

The Clerk of Court's Office has received, by facsimile transmission dated   3-10-16                  , document(s) in the above
referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document
shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is
also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*
JOHN SWEARINGEN
*(Type Name)*

Accounting Dept. Form #6

EBR3470106

EXHIBIT A



# DOUG WELBORN
## CLERK OF COURT

### PARISH OF EAST BATON ROUGE

Suit Accounting Department
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3982
Fax: (225)389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

**FROM:** SUIT ACCOUNTING DEPARTMENT        **DATE:** Mar 10, 2016

**FAX NUMBER:** (225) 389-3392        **SUIT NO.:** 646648

**TO:** JOHN REDMANN        **SECTION:** 25

**DAWN SEIF**        **vs**    **STATE**

Item(s) Received: PETITION FOR DAMAGES

Total Amount Due (includes all applicable fees below) $ 760.00

The Clerk of Court's Office has received, by facsimile transmission dated  3-10-16 , document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*
JOHN SWEARINGEN
*(Type Name)*

Suit Accounting Dept. Form #5
Rev. 06/26/14



LAW OFFICE OF JOHN W. REDMANN, LLC

## FACSIMILE

DATE: March 9, 2016

TO:    EBR Parish Clerk of Court          FROM: Richard L. Root.
       19th JDC                           Law Office of John W. Redmann, LLC

FAX #: (225) 389-3392                     PHONE #: (504) 433-5550

                                          Fax #: (504) 433-5556

---

Dawn Seif, et al vs. State of Louisiana, et al

Pages _____7_____    + 1 Cover Sheet

Attached please find a Petition for Damages that we would like to have filed into the record of the court.

Upon receipt of the confirmation page from your office with associated costs, our office will forward the original documents and payment for services.

Thank you.

03/10/2016 16:06          No.: R218 L1          P.001/008

East Baton Rouge Parish Clerk of Court

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO.                                                    DIVISION "     "

**DAWN ELAYNE SEIF, INDIVIDUALLY AND OBO HER MINOR CHILD,
JAMES ANDREW SEIF, LISA BLAYLOCK, INDIVIDUALLY AND OBO HER
MINOR CHILDREN ANNABELLE RUTH BLAYLOCK AND EVELYN MARIE
BLAYLOCK, DESTINY FLYNN, INDIVIDUALLY AND OBO HER MINOR
CHILD LEILANI M. FLYNN, LIUSA BAWOL, JENNA KEMP, INDIVIDUALLY
AND OBO HER MINOR CHILDREN MAKENZIE KEMP AND WESLEY KEMP**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE MILTARY DEPARTMENT
AND LOUISIANA NATIONAL GUARD**

FILED:_____        _____
                                                    **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come the following petitioners:

(1) **DAWN ELAYNE SEIF**, wife of decedent Staff Sgt. Andrew Seif, and a
person of the full age of majority and resident of the County of Onslow, State
of North Carolina, individually and on behalf of her minor child, **JAMES
ANDREW SEIF**;

(2) **LISA BLAYLOCK**, wife of decedent Staff Sgt. Trevor Blaylock, and a
person of the full age of majority and resident of the County of Onslow, State
of North Carolina, individually and on behalf of her minor children,
**ANNABELLE RUTH BLAYLOCK and EVELYN MARIE BLAYLOCK**;

(3) **DESTINY FLYNN**, wife of decedent Staff Sgt. Liam Flynn, and a person of
the full age of majority and resident of the County of Onslow, State of North
Carolina, individually and on behalf of her minor child, **LEILANI M.
FLYNN**;

(4) **LIUSA BAWOL**, mother of decedent, Staff Sgt. Marcus Bawol, and a person
of the full age of majority and resident of the County of Kalkaska, State of
Michigan; and

(5) **JENNA KEMP**, wife of decedent, Staff Sgt. Kerry Kemp, and a person of the
full age of majority and resident of the County of Onslow, State of North

1

East Baton Rouge Parish Clerk of Court

Carolina, individually and on behalf of her minor children **MAKENZIE KEMP** and **WESLEY KEMP**.

I.

Defendants herein are as follows:

(1) **STATE OF LOUISIANA THROUGH THE MILTARY DEPARTMENT STATE OF LOUISIANA,** a political entity of the State of Louisiana composed of the National Guard, Louisiana State Guard, Louisiana Military Police, and other offices created or established according to law as per La. R.S. 29:1; and

(2) **LOUISIANA NATIONAL GUARD, (LAARNG)** a subdivision of the military department of the State of Louisiana, which at all times relevant, both defendants were was responsible under the doctrine of *respondeat superior* for the negligent action/inactions of enlisted guardsmen engaged in State service, including but not limited to the negligent actions/inactions of decedents Chief Warrant Officer George Wayne Griffin, Jr. and Chief Warrant Officer, George David Strother and other members and/or officers of the LAARNG.

II.

On or about March 10, 2015, helicopter crews from the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard were manning and piloting two Blackhawk UH-60M near Santa Rosa Sound in Florida. In the helicopters were Marines from the 2d Marine Special Operations Battalion, headquartered at Camp Lejeune, N.C.

III.

The Marines began preparing for this mission months prior as part of a special operations air-ground integration course called HAVEACE at Hurlburt Field, an Air Force installation in Florida. The day before the crash, both aircraft participated in special patrol insertion/extraction system training (or SPIES). During the training, the troops prepared for operating in areas where landing is not possible. The Marine operators wore harnesses and were lowered or pulled from the helicopters on land and in water. Other times they wore parachutes or rode in rubber boats back to shore.

2

IV.

On the night of March 10, 2015, around 7:00 p.m., the Marines began to prepare for the night's planned missions. At approximately 8:16 p.m., both helicopters took off. The weather had deteriorated from earlier in the day. The ceilings were lower than (1000) one thousand feet, and the visibility was less than three (3) statute miles prior to the two Louisiana National Guard helicopters taking off and entering mission profile.

V.

As both helicopters flew toward the shoreline, the weather continued to decline. The Blackhawk UH-60M piloted by Chief Warrant Officer George Wayne Griffin, Jr. (Call sign MOJO 69) and co-piloted by Chief Warrant Officer, George David Strother flew across the beach and over the water of Santa Rosa Sound as sea fog continued to roll in toward land. The other Louisiana National Guard helicopter did not cross over the shoreline. Instead, its pilot turned east, paralleled the road, and then came to a hover. The pilot of the second UH-60M radioed that he was returning to base, and then safely landed his aircraft.

VI.

The remaining helicopter, MOJO 69 soon found itself in thick fog over water. The pilot and co-pilot were wearing night vision goggles, and ambient light was limited due to the thick fog and low visibility. Soon after flying over the water, MOJO 69's flight path became increasingly erratic. The flight data recorders and cockpit communications transcripts revealed that the pilot and co-pilot had become disoriented, and that the pilot had given control of his stick to the co-pilot for a time. In fact, at one point the helicopter was flying backwards, without the pilot announcing it, or any crewmember recognizing it. Both pilots of the helicopter being unable to control their aircraft or orient themselves in compass direction or altitude, the Louisiana National Guard Blackhawk Model UH-60M, tail number 13-20624, crashed into the waters of Santa Rosa Sound at an angle and airspeed that was not survivable for any of the Marine passengers or Louisiana National Guard aircrew in the helicopter. Seven Marines lost their lives as a result of the crash, four National Guard crewmen lost their lives as well in this tragedy.

3

## VII.

A subsequent joint crash investigation, conducted by the United States Special Operations Command and the Louisiana National Guard, found that the Louisiana National Guard unit involved in the fatal crash suffered from: 1) incomplete mission task training; 2) lack of Air Mission Briefing; 3) incomplete record keeping; and 4) that "the formal training plan to properly…integrate these tasks into the unit's capability set lacked sufficient structure."   Specifically, the investigation found that direct orders not to fly the helicopters under the then-prevailing weather condition were ignored, and that the failure to follow those orders resulted in the fatal crash.  In addition, the joint investigation found that the Louisiana National Guard aircrews were not briefed on mission essential tasks, and that crew members did not challenge the pilot and co-pilot's decision to fly in contravention of their orders.

## VIII.

At no times pertinent herein, were the National Guard and Military Department aircrew members and pilots activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC.  (Service members performing such duty are therefore commonly said to be in "Title 10 duty").

## IX.

At no times pertinent herein, were any of the National Guard and Military Department employees who reviewed the proposed Florida trip and/or authorized the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard to leave Louisiana and participate in the events that resulted in MOJO 69 being over water in the state of Florida activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC.  Service members performing such duty are therefore commonly said to be in "Title 10 duty". 10 U.S.C. § 3495 and § 3500.

## X.

Petitioners allege that the laws of the State of Louisiana govern these proceedings, and that the defendants are liable for the acts of their employees, that Civil Code Article 2320 and other laws imposing master-servant liability on the state, and that Civil Code Articles 2315 et seq. apply to afford petitioners relief from the aforementioned breach of

4

duties owed the decedents and their representatives, and that Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

### XI.

Plaintiffs further allege that defendants are liable to plaintiffs herein for the actions and inactions and negligence of the Defendants under the doctrine of *respondeat superior*, and is liable to plaintiffs jointly, severally, and *in solido* for all of the tortuous actions of its employee described, *supra*.

### XII.

That at all times material herein, the chain of command and supervisory personnel in the State of Louisiana Military Department and the Louisiana National Guard were negligent in the role they played in evaluating and/or permitting the subject mission to Florida. Also, they were negligent in performing their duties their duties in properly providing training, equipment, and support for this mission. As a result, these parties were a contributing factor of this tragedy, and the State of Louisiana Military Department and the Louisiana National Guard are liable for the actions of these actions and inactions.

### XIII.

Plaintiffs specifically do not seek recovery from any National Guard member individually, nor do plaintiffs seek any recovery from any estate or heirs of any National Guard member.

### XIV.

Plaintiffs specifically demand compensation from defendants for the harm caused by the accident, and the plaintiffs specifically all of the damages afforded under Louisiana law for the death of their husbands, fathers and sons, and any and all recovery for damages generally recognized by the statutory law and jurisprudence of this State as *Survival* and *Wrongful Death* claims under the Louisiana Civil Code subject to R.S. 13:5106, and including in a non-exclusive list:

    A.    Medical care;

    B.    Physical pain and suffering;

    C.    Emotional distress and mental anguish;

E.   Loss of future earnings and/or support;

F.   Loss of earnings and/or support;

G.   And any other loss or damage appropriate at the trial of this matter.

XV.

The Supreme Courts of Alaska and Washington and Montana have recognized the validity of claims made against those respective state governments for the negligence of National Guard personal who were not in "Title 10 Duty" or federally activated. *Estate of Himsel*, 36 P.3d 35, *Trankel v. State, Dep't of Military Affairs*, 282 Mont. 348, 938 P.2d 614, 621 (1997); *Emsley v. Army Nat'l Guard*, 106 Wash.2d 474, 722 P.2d 1299, 1302 (1986). Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

**WHEREFORE**, for the above and foregoing reasons, plaintiffs Dawn Elayne Seif, individually and OBO her minor child, James Andrew Seif, Lisa Blaylock, individually and OBO her minor children Annabelle Ruth Blaylock and Evelyn Marie Blaylock, Destiny Flynn, individually and OBO her minor child Leilani M. Flynn, Liusa Bawol, Jenna Kemp, individually and OBO her minor children Makenzie Kemp and Wesley Kemp, respectfully request that each named defendant be served with a copy of this Petition and Citation, and that after all legal proceedings and due delays are had, including trial, there be judgment herein in favor of plaintiffs and against the defendants individually, jointly, severally, and *in solido*, in a sum sufficient to compensate plaintiff for the damages sustained as a result of the acts and omissions of defendants, plus all costs of these proceedings, together with interest from the date of judicial demand until paid, and any and all other general and equitable relief deemed appropriate herein.

Respectfully submitted,
LAW OFFICE OF JOHN W. REDMANN, LLC

JOHN W. REDMANN, #19984
RICHARD L. ROOT, #19988
PATRICK B. SANDERS, #32674
1101 Westbank Expressway
Gretna, Louisiana 70053
Telephone:   (504) 433-5550
Facsimile:   (504) 433-5556

EAST BATON ROUGE PARISH, LA
FILED
2016 MAR 10 PM 4:17
DEPUTY CLERK OF COURT

6

**PLEASE SERVE:**
STATE OF LOUISIANA MILITARY DEPARTMENT
Through The Louisiana Attorney General:
Jeff Landry
1885 North 3rd St. 6th Floor
Baton Rouge, Louisiana 70802

LOUISIANA OFFICE OF RISK MANAGEMENT
Through The Hon. Bud Thompson:
1201 North 3rd Street, Suite G192
Baton Rouge, Louisiana 70802

LOUISIANA NATIONAL GUARD
Through The Adjutant General for Louisiana
Major General Glenn H. Curtis
6400 St. Claude Avenue
Jackson Barracks
New Orleans, Louisiana 70117

GOVERNOR OF LOUISIANA
John Bel Edwards
1001 Capital Access Road
Baton Rouge, Louisiana 70802

7



# FACSIMILE

DATE: March 9, 2016

TO:   EBR Parish Clerk of Court        FROM: Richard L. Root.

      19th JDC                    Law Office of John W. Redmann, LLC

FAX #: (225) 389-3392                  PHONE #:  (504) 433-5550

                                       Fax #: (504) 433-5556

---

Dawn Seif, et al vs. State of Louisiana, et al

Pages ___7___      + 1 Cover Sheet

Attached please find a Petition for Damages that we would like to have filed into the record of the court.

Upon receipt of the confirmation page from your office with associated costs, our office will forward the original documents and payment for services.

Thank you.

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO.                                                                    DIVISION " "

**DAWN ELAYNE SEIF, INDIVIDUALLY AND OBO HER MINOR CHILD,
JAMES ANDREW SEIF, LISA BLAYLOCK, INDIVIDUALLY AND OBO HER
MINOR CHILDREN ANNABELLE RUTH BLAYLOCK AND EVELYN MARIE
BLAYLOCK, DESTINY FLYNN, INDIVIDUALLY AND OBO HER MINOR
CHILD LEILANI M. FLYNN, LIUSA BAWOL, JENNA KEMP, INDIVIDUALLY
AND OBO HER MINOR CHILDREN MAKENZIE KEMP AND WESLEY KEMP**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE MILITARY DEPARTMENT
AND LOUISIANA NATIONAL GUARD**

FILED: _____        _____
                                                          **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come the following petitioners:

(1) **DAWN ELAYNE SEIF**, wife of decedent Staff Sgt. Andrew Seif, and a
person of the full age of majority and resident of the County of Onslow, State
of North Carolina, individually and on behalf of her minor child, **JAMES
ANDREW SEIF**;

(2) **LISA BLAYLOCK**, wife of decedent Staff Sgt. Trevor Blaylock, and a
person of the full age of majority and resident of the County of Onslow, State
of North Carolina, individually and on behalf of her minor children,
**ANNABELLE RUTH BLAYLOCK** and **EVELYN MARIE BLAYLOCK**;

(3) **DESTINY FLYNN**, wife of decedent Staff Sgt. Liam Flynn, and a person of
the full age of majority and resident of the County of Onslow, State of North
Carolina, individually and on behalf of her minor child, **LEILANI M.
FLYNN**;

(4) **LIUSA BAWOL**, mother of decedent, Staff Sgt. Marcus Bawol, and a person
of the full age of majority and resident of the County of Kalkaska, State of
Michigan; and

(5) **JENNA KEMP**, wife of decedent, Staff Sgt. Kerry Kemp, and a person of the
full age of majority and resident of the County of Onslow, State of North

1

Carolina, individually and on behalf of her minor children MAKENZIE KEMP and WESLEY KEMP.

I.

Defendants herein are as follows:

(1) **STATE OF LOUISIANA THROUGH THE MILTARY DEPARTMENT STATE OF LOUISIANA**, a political entity of the State of Louisiana composed of the National Guard, Louisiana State Guard, Louisiana Military Police, and other offices created or established according to law as per La. R.S. 29:1; and

(2) **LOUISIANA NATIONAL GUARD, (LAARNG)** a subdivision of the military department of the State of Louisiana, which at all times relevant, both defendants were was responsible under the doctrine of *respondeat superior* for the negligent action/inactions of enlisted guardsmen engaged in State service, including but not limited to the negligent actions/inactions of decedents Chief Warrant Officer George Wayne Griffin, Jr. and Chief Warrant Officer, George David Strother and other members and/or officers of the LAARNG.

II.

On or about March 10, 2015, helicopter crews from the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard were manning and piloting two Blackhawk UH-60M near Santa Rosa Sound in Florida. In the helicopters were Marines from the 2d Marine Special Operations Battalion, headquartered at Camp Lejeune, N.C.

III.

The Marines began preparing for this mission months prior as part of a special operations air-ground integration course called HAVEACE at Hurlburt Field, an Air Force installation in Florida. The day before the crash, both aircraft participated in special patrol insertion/extraction system training (or SPIES). During the training, the troops prepared for operating in areas where landing is not possible. The Marine operators wore harnesses and were lowered or pulled from the helicopters on land and in water. Other times they wore parachutes or rode in rubber boats back to shore.

2

East Baton Rouge Parish Clerk of Court

IV.

On the night of March 10, 2015, around 7:00 p.m., the Marines began to prepare for the night's planned missions. At approximately 8:16 p.m., both helicopters took off. The weather had deteriorated from earlier in the day. The ceilings were lower than (1000) one thousand feet, and the visibility was less than three (3) statute miles prior to the two Louisiana National Guard helicopters taking off and entering mission profile.

V.

As both helicopters flew toward the shoreline, the weather continued to decline. The Blackhawk UH-60M piloted by Chief Warrant Officer George Wayne Griffin, Jr. (Call sign MOJO 69) and co-piloted by Chief Warrant Officer, George David Strother flew across the beach and over the water of Santa Rosa Sound as sea fog continued to roll in toward land. The other Louisiana National Guard helicopter did not cross over the shoreline. Instead, its pilot turned east, paralleled the road, and then came to a hover. The pilot of the second UH-60M radioed that he was returning to base, and then safely landed his aircraft.

VI.

The remaining helicopter, MOJO 69 soon found itself in thick fog over water. The pilot and co-pilot were wearing night vision goggles, and ambient light was limited due to the thick fog and low visibility. Soon after flying over the water, MOJO 69's flight path became increasingly erratic. The flight data recorders and cockpit communications transcripts revealed that the pilot and co-pilot had become disoriented, and that the pilot had given control of his stick to the co-pilot for a time. In fact, at one point the helicopter was flying backwards, without the pilot announcing it, or any crewmember recognizing it. Both pilots of the helicopter being unable to control their aircraft or orient themselves in compass direction or altitude, the Louisiana National Guard Blackhawk Model UH-60M, tail number 13-20624, crashed into the waters of Santa Rosa Sound at an angle and airspeed that was not survivable for any of the Marine passengers or Louisiana National Guard aircrew in the helicopter. Seven Marines lost their lives as a result of the crash, four National Guard crewmen lost their lives as well in this tragedy.

3

East Baton Rouge Parish Clerk of Court

## VII.

A subsequent joint crash investigation, conducted by the United States Special Operations Command and the Louisiana National Guard, found that the Louisiana National Guard unit involved in the fatal crash suffered from: 1) incomplete mission task training; 2) lack of Air Mission Briefing; 3) incomplete record keeping; and 4) that "the formal training plan to properly…integrate these tasks into the unit's capability set lacked sufficient structure." Specifically, the investigation found that direct orders not to fly the helicopters under the then-prevailing weather condition were ignored, and that the failure to follow those orders resulted in the fatal crash. In addition, the joint investigation found that the Louisiana National Guard aircrews were not briefed on mission essential tasks, and that crew members did not challenge the pilot and co-pilot's decision to fly in contravention of their orders.

## VIII.

At no times pertinent herein, were the National Guard and Military Department aircrew members and pilots activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC. (Service members performing such duty are therefore commonly said to be in "Title 10 duty").

## IX.

At no times pertinent herein, were any of the National Guard and Military Department employees who reviewed the proposed Florida trip and/or authorized the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard to leave Louisiana and participate in the events that resulted in MOJO 69 being over water in the state of Florida activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC. Service members performing such duty are therefore commonly said to be in "Title 10 duty". 10 U.S.C. § 3495 and § 3500.

## X.

Petitioners allege that the laws of the State of Louisiana govern these proceedings, and that the defendants are liable for the acts of their employees, that Civil Code Article 2320 and other laws imposing master-servant liability on the state, and that Civil Code Articles 2315 et seq. apply to afford petitioners relief from the aforementioned breach of

4

duties owed the decedents and their representatives, and that Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

### XI.

Plaintiffs further allege that defendants are liable to plaintiffs herein for the actions and inactions and negligence of the Defendants under the doctrine of *respondeat superior*, and is liable to plaintiffs jointly, severally, and *in solido* for all of the tortuous actions of its employee described, *supra*.

### XII.

That at all times material herein, the chain of command and supervisory personnel in the State of Louisiana Military Department and the Louisiana National Guard were negligent in the role they played in evaluating and/or permitting the subject mission to Florida. Also, they were negligent in performing their duties their duties in properly providing training, equipment, and support for this mission. As a result, these parties were a contributing factor of this tragedy, and the State of Louisiana Military Department and the Louisiana National Guard are liable for the actions of these actions and inactions.

### XIII.

Plaintiffs specifically do not seek recovery from any National Guard member individually, nor do plaintiffs seek any recovery from any estate or heirs of any National Guard member.

### XIV.

Plaintiffs specifically demand compensation from defendants for the harm caused by the accident, and the plaintiffs specifically all of the damages afforded under Louisiana law for the death of their husbands, fathers and sons, and any and all recovery for damages generally recognized by the statutory law and jurisprudence of this State as *Survival* and *Wrongful Death* claims under the Louisiana Civil Code subject to R.S. 13:5106, and including in a non-exclusive list:

    A.    Medical care;

    B.    Physical pain and suffering;

    C.    Emotional distress and mental anguish;

5

E.  Loss of future earnings and/or support;

F.  Loss of earnings and/or support;

G.  And any other loss or damage appropriate at the trial of this matter.

## XV.

The Supreme Courts of Alaska and Washington and Montana have recognized the validity of claims made against those respective state governments for the negligence of National Guard personal who were not in "Title 10 Duty" or federally activated. *Estate of Himsel*, 36 P.3d 35, *Trankel v. State, Dep't of Military Affairs*, 282 Mont. 348, 938 P.2d 614, 621 (1997); *Emsley v. Army Nat'l Guard*, 106 Wash.2d 474, 722 P.2d 1299, 1302 (1986). Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

**WHEREFORE**, for the above and foregoing reasons, plaintiffs Dawn Elayne Seif, individually and OBO her minor child, James Andrew Seif, Lisa Blaylock, individually and OBO her minor children Annabelle Ruth Blaylock and Evelyn Marie Blaylock, Destiny Flynn, individually and OBO her minor child Leilani M. Flynn, Liusa Bawol, Jenna Kemp, individually and OBO her minor children Makenzie Kemp and Wesley Kemp, respectfully request that each named defendant be served with a copy of this Petition and Citation, and that after all legal proceedings and due delays are had, including trial, there be judgment herein in favor of plaintiffs and against the defendants individually, jointly, severally, and *in solido*, in a sum sufficient to compensate plaintiff for the damages sustained as a result of the acts and omissions of defendants, plus all costs of these proceedings, together with interest from the date of judicial demand until paid, and any and all other general and equitable relief deemed appropriate herein.

Respectfully submitted,
LAW OFFICE OF JOHN W. REDMANN, LLC

JOHN W. REDMANN, #19984
RICHARD L. ROOT, #19988
PATRICK B. SANDERS, #32674
1101 Westbank Expressway
Gretna, Louisiana 70053
Telephone:   (504) 433-5550
Facsimile:   (504) 433-5556

6

PLEASE SERVE:
STATE OF LOUISIANA MILITARY DEPARTMENT
Through The Louisiana Attorney General:
Jeff Landry
1885 North 3rd St. 6th Floor
Baton Rouge, Louisiana 70802

LOUISIANA OFFICE OF RISK MANAGEMENT
Through The Hon. Bud Thompson:
1201 North 3rd Street, Suite G192
Baton Rouge, Louisiana 70802

LOUISIANA NATIONAL GUARD
Through The Adjutant General for Louisiana
Major General Glenn H. Curtis
6400 St. Claude Avenue
Jackson Barracks
New Orleans, Louisiana 70117

GOVERNOR OF LOUISIANA
John Bel Edwards
1001 Capital Access Road
Baton Rouge, Louisiana 70802


**RL** **REDMANN**
**LAW.COM**
LAW OFFICE OF JOHN W. REDMANN, LLC

March 14, 2016

**Via Federal Express**
Civil Filing Clerk, 19th JDC, Section 25
East Baton Rouge Parish Clerk of Court
222 St. Louis Street
Baton Rouge, LA 70802

**John W. Redmann**
john@redmannlaw.com

RE:   Dawn Seif, et al *V State of Louisiana through the Military Department and Louisiana National Guard*
19th JDC No. 646648, Section 25
**Petition for Damages**

Dear Clerk:

**Patrick B. Sanders**
psanders@redmannlaw.com

Enclosed please find an original of a Petition for Damages, as fax filed on March 10, 2106, and 8 copies of a Petition for Damages in the above referenced case.

**Edward L. Moreno**
emoreno@redmannlaw.com

Per your fax receipt, I have enclosed our firm check in the amount of $760.00 to cover the associated filing fees.

**Miriam K. Crespo**
mcrespo@redmannlaw.com

I have also enclosed our firm check in the amount of $240.00 to cover the costs associated with services as requested on the petition.

**Richard L. Root**
*Of Counsel*
rroot@redmannlaw.com

We would appreciate you filing the original with the Court and returning a stamped copy to our office.

Should you have any questions, please do not hesitate to contact me.

With kindest regards, I am

Sincerely,

*Danell A. Catron*

Danell A. Catron
LITIGATION SECTION MANAGER

DAC/
Enclosures as Stated

REC'D C.P.
MAR 1 6 2016

Reply To:
**Gretna Office**
1101 Westbank Expressway
Gretna, Louisiana 70053
504-433-5550 Fax: 504-433-5556
www.RedmannLaw.com

**Metairie Office**
2901 N. Causeway Boulevard
Suite 202
Metairie, Louisiana 70002

COST OK $760.00
Ch# 9174
MAR 16 2016
DEPUTY CLERK OF COURT

**SEC. 25**

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 646648      DIVISION

**DAWN ELAYNE SEIF, INDIVIDUALLY AND OBO HER MINOR CHILD,
JAMES ANDREW SEIF, LISA BLAYLOCK, INDIVIDUALLY AND OBO HER
MINOR CHILDREN ANNABELLE RUTH BLAYLOCK AND EVELYN MARIE
BLAYLOCK, DESTINY FLYNN, INDIVIDUALLY AND OBO HER MINOR
CHILD LEILANI M. FLYNN, LIUSA BAWOL, JENNA KEMP, INDIVIDUALLY
AND OBO HER MINOR CHILDREN MAKENZIE KEMP AND WESLEY KEMP**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE MILTARY DEPARTMENT
AND LOUISIANA NATIONAL GUARD**

FILED:_____     _____
                                                         **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the following petitioners:

(1) **DAWN ELAYNE SEIF**, wife of decedent Staff Sgt. Andrew Seif, and a person of the full age of majority and resident of the County of Onslow, State of North Carolina, individually and on behalf of her minor child, **JAMES ANDREW SEIF**;

(2) **LISA BLAYLOCK**, wife of decedent Staff Sgt. Trevor Blaylock, and a person of the full age of majority and resident of the County of Onslow, State of North Carolina, individually and on behalf of her minor children, **ANNABELLE RUTH BLAYLOCK** and **EVELYN MARIE BLAYLOCK**;

(3) **DESTINY FLYNN**, wife of decedent Staff Sgt. Liam Flynn, and a person of the full age of majority and resident of the County of Onslow, State of North Carolina, individually and on behalf of her minor child, **LEILANI M. FLYNN**;

(4) **LIUSA BAWOL**, mother of decedent, Staff Sgt. Marcus Bawol, and a person of the full age of majority and resident of the County of Kalkaska, State of Michigan; and

(5) **JENNA KEMP**, wife of decedent, Staff Sgt. Kerry Kemp, and a person of the full age of majority and resident of the County of Onslow, State of North

EBR3469702

REC'D C.P.

MAR 16 2016

FAX COPY FILED 3-10-16
ORIGINAL FILED 3-16-16

Carolina, individually and on behalf of her minor children **MAKENZIE KEMP** and **WESLEY KEMP.**

I.

Defendants herein are as follows:

(1) **STATE OF LOUISIANA THROUGH THE MILTARY DEPARTMENT STATE OF LOUISIANA,** a political entity of the State of Louisiana composed of the National Guard, Louisiana State Guard, Louisiana Military Police, and other offices created or established according to law as per La. R.S. 29:1; and

(2) **LOUISIANA NATIONAL GUARD, (LAARNG)** a subdivision of the military department of the State of Louisiana, which at all times relevant, both defendants were was responsible under the doctrine of *respondeat superior* for the negligent action/inactions of enlisted guardsmen engaged in State service, including but not limited to the negligent actions/inactions of decedents Chief Warrant Officer George Wayne Griffin, Jr. and Chief Warrant Officer, George David Strother and other members and/or officers of the LAARNG.

II.

On or about March 10, 2015, helicopter crews from the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard were manning and piloting two Blackhawk UH-60M near Santa Rosa Sound in Florida. In the helicopters were Marines from the 2d Marine Special Operations Battalion, headquartered at Camp Lejeune, N.C.

III.

The Marines began preparing for this mission months prior as part of a special operations air-ground integration course called HAVEACE at Hurlburt Field, an Air Force installation in Florida. The day before the crash, both aircraft participated in special patrol insertion/extraction system training (or SPIES). During the training, the troops prepared for operating in areas where landing is not possible. The Marine operators wore harnesses and were lowered or pulled from the helicopters on land and in water. Other times they wore parachutes or rode in rubber boats back to shore.

2

IV.

On the night of March 10, 2015, around 7:00 p.m., the Marines began to prepare for the night's planned missions. At approximately 8:16 p.m., both helicopters took off. The weather had deteriorated from earlier in the day. The ceilings were lower than (1000) one thousand feet, and the visibility was less than three (3) statute miles prior to the two Louisiana National Guard helicopters taking off and entering mission profile.

V.

As both helicopters flew toward the shoreline, the weather continued to decline. The Blackhawk UH-60M piloted by Chief Warrant Officer George Wayne Griffin, Jr. (Call sign MOJO 69) and co-piloted by Chief Warrant Officer, George David Strother flew across the beach and over the water of Santa Rosa Sound as sea fog continued to roll in toward land. The other Louisiana National Guard helicopter did not cross over the shoreline. Instead, its pilot turned east, paralleled the road, and then came to a hover. The pilot of the second UH-60M radioed that he was returning to base, and then safely landed his aircraft.

VI.

The remaining helicopter, MOJO 69 soon found itself in thick fog over water. The pilot and co-pilot were wearing night vision goggles, and ambient light was limited due to the thick fog and low visibility. Soon after flying over the water, MOJO 69's flight path became increasingly erratic. The flight data recorders and cockpit communications transcripts revealed that the pilot and co-pilot had become disoriented, and that the pilot had given control of his stick to the co-pilot for a time. In fact, at one point the helicopter was flying backwards, without the pilot announcing it, or any crewmember recognizing it. Both pilots of the helicopter being unable to control their aircraft or orient themselves in compass direction or altitude, the Louisiana National Guard Blackhawk Model UH-60M, tail number 13-20624, crashed into the waters of Santa Rosa Sound at an angle and airspeed that was not survivable for any of the Marine passengers or Louisiana National Guard aircrew in the helicopter. Seven Marines lost their lives as a result of the crash, four National Guard crewmen lost their lives as well in this tragedy.

VII.

A subsequent joint crash investigation, conducted by the United States Special Operations Command and the Louisiana National Guard, found that the Louisiana National Guard unit involved in the fatal crash suffered from: 1) incomplete mission task training; 2) lack of Air Mission Briefing; 3) incomplete record keeping; and 4) that "the formal training plan to properly…integrate these tasks into the unit's capability set lacked sufficient structure."  Specifically, the investigation found that direct orders not to fly the helicopters under the then-prevailing weather condition were ignored, and that the failure to follow those orders resulted in the fatal crash.  In addition, the joint investigation found that the Louisiana National Guard aircrews were not briefed on mission essential tasks, and that crew members did not challenge the pilot and co-pilot's decision to fly in contravention of their orders.

VIII.

At no times pertinent herein, were the National Guard and Military Department aircrew members and pilots activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC.  (Service members performing such duty are therefore commonly said to be in "Title 10 duty").

IX.

At no times pertinent herein, were any of the National Guard and Military Department employees who reviewed the proposed Florida trip and/or authorized the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard to leave Louisiana and participate in the events that resulted in MOJO 69 being over water in the state of Florida activated by the federal government, or mobilized ("federalized") under the authority of Title 10 USC.  Service members performing such duty are therefore commonly said to be in "Title 10 duty". 10 U.S.C. § 3495 and § 3500.

X.

Petitioners allege that the laws of the State of Louisiana govern these proceedings, and that the defendants are liable for the acts of their employees, that Civil Code Article 2320 and other laws imposing master-servant liability on the state, and that Civil Code Articles 2315 et seq. apply to afford petitioners relief from the aforementioned breach of

duties owed the decedents and their representatives, and that Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

XI.

Plaintiffs further allege that defendants are liable to plaintiffs herein for the actions and inactions and negligence of the Defendants under the doctrine of *respondeat superior*, and is liable to plaintiffs jointly, severally, and *in solido* for all of the tortuous actions of its employee described, *supra*.

XII.

That at all times material herein, the chain of command and supervisory personnel in the State of Louisiana Military Department and the Louisiana National Guard were negligent in the role they played in evaluating and/or permitting the subject mission to Florida. Also, they were negligent in performing their duties their duties in properly providing training, equipment, and support for this mission. As a result, these parties were a contributing factor of this tragedy, and the State of Louisiana Military Department and the Louisiana National Guard are liable for the actions of these actions and inactions.

XIII.

Plaintiffs specifically do not seek recovery from any National Guard member individually, nor do plaintiffs seek any recovery from any estate or heirs of any National Guard member.

XIV.

Plaintiffs specifically demand compensation from defendants for the harm caused by the accident, and the plaintiffs specifically all of the damages afforded under Louisiana law for the death of their husbands, fathers and sons, and any and all recovery for damages generally recognized by the statutory law and jurisprudence of this State as *Survival* and *Wrongful Death* claims under the Louisiana Civil Code subject to R.S. 13:5106, and including in a non-exclusive list:

    A.    Medical care;

    B.    Physical pain and suffering;

    C.    Emotional distress and mental anguish;

E.   Loss of future earnings and/or support;

F.   Loss of earnings and/or support;

G.   And any other loss or damage appropriate at the trial of this matter.


## XV.

The Supreme Courts of Alaska and Washington and Montana have recognized the validity of claims made against those respective state governments for the negligence of National Guard personal who were not in "Title 10 Duty" or federally activated. *Estate of Himsel*, 36 P.3d 35, *Trankel v. State, Dep't of Military Affairs*, 282 Mont. 348, 938 P.2d 614, 621 (1997); *Emsley v. Army Nat'l Guard*, 106 Wash.2d 474, 722 P.2d 1299, 1302 (1986). Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard committed within the course and scope of their National Guard duties when the Federal Tort Claims Act does not apply.

**WHEREFORE,** for the above and foregoing reasons, plaintiffs Dawn Elayne Seif, individually and OBO her minor child, James Andrew Seif, Lisa Blaylock, individually and OBO her minor children Annabelle Ruth Blaylock and Evelyn Marie Blaylock, Destiny Flynn, individually and OBO her minor child Leilani M. Flynn, Liusa Bawol, Jenna Kemp, individually and OBO her minor children Makenzie Kemp and Wesley Kemp, respectfully request that each named defendant be served with a copy of this Petition and Citation, and that after all legal proceedings and due delays are had, including trial, there be judgment herein in favor of plaintiffs and against the defendants individually, jointly, severally, and *in solido*, in a sum sufficient to compensate plaintiff for the damages sustained as a result of the acts and omissions of defendants, plus all costs of these proceedings, together with interest from the date of judicial demand until paid, and any and all other general and equitable relief deemed appropriate herein.

Respectfully submitted,
LAW OFFICE OF JOHN W. REDMANN, LLC

JOHN W. REDMANN, #19984
RICHARD L. ROOT, #19988
PATRICK B. SANDERS, #32674
1101 Westbank Expressway
Gretna, Louisiana 70053
Telephone:   (504) 433-5550
Facsimile:   (504) 433-5556

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 16  PM 2:0
DEPUTY CLERK OF COURT

**PLEASE SERVE:**
**STATE OF LOUISIANA MILITARY DEPARTMENT**
**Through The Louisiana Attorney General:**
**Jeff Landry**
**1885 North 3rd St. 6th Floor**
**Baton Rouge, Louisiana 70802**

**LOUISIANA OFFICE OF RISK MANAGEMENT**
**Through The Hon. Bud Thompson:**
**1201 North 3rd Street, Suite G192**
**Baton Rouge, Louisiana 70802**

**LOUISIANA NATIONAL GUARD**
**Through The Adjutant General for Louisiana**
**Major General Glenn H. Curtis**
**6400 St. Claude Avenue**
**Jackson Barracks**
**New Orleans, Louisiana 70117**

**GOVERNOR OF LOUISIANA**
**John Bel Edwards**
**1001 Capital Access Road**
**Baton Rouge, Louisiana 70802**

2402-16-001632

# CITATION

DAWN ELAYNE SEIF, ET AL
(Plaintiff)

vs.

STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL
(Defendant)

NUMBER  C646648 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **STATE OF LOUISIANA MILITARY DEPARTMENT**
THROUGH THE LOUISIANA ATTORNEY GENERAL:
JEFF LANDRY
1885 NORTH 3RD ST, 6TH FLOOR
BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **22-MAR-2016**.



*Katie Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: JOHN WILLIAM REDMANN

*The following documents are attached:
PETITION FOR DAMAGES

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:     $_____
MILEAGE      $_____                    _____
TOTAL:       $_____                              Deputy Sheriff
                                             Parish of East Baton Rouge

CITATION - 2402


EBR3533328

2302-16-000547

# CITATION

DAWN ELAYNE SEIF, ET AL
(Plaintiff)

vs.

STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL
(Defendant)

NUMBER  C646648 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **LOUISIANA NATIONAL GUARD**
**THROUGH THE ADJUTANT GENERAL FOR LOUISIANA**
**MAJOR GENERAL GLENN H. CURTIS**
**6400 ST. CLAUDE AVENUE**
**NEW ORLEANS, LA 70117**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 22-MAR-2016.



*Katie Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: JOHN WILLIAM REDMANN

*The following documents are attached:
PETITION FOR DAMAGES

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of _____, this _____ day of _____, 20____.

SERVICE:      $_____
MILEAGE      $_____                    _____
TOTAL:         $_____                       Deputy Sheriff

CITATION (OOP) - 2302



EBR3533332

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
### Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone (225)389-3960

NO.   C646648 SECTION 25          22-MAR-2016

TO:   **ORLEANS PARISH SHERIFFS OFFICE**
CIVIL DEPARTMENT
421 LOYOLA AVE
NEW ORLEANS, LA 70112

Please find attached (1) CITATION to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

**X**   *NOTE THE ENCLOSED CHECK FOR PAYMENT OF SERVICE*;

☐   send us your bill for service;

☐   note that this is a pauper suit and no funds are available; or

☐   note that this is a government suit and no funds are necessary.

Thank You,

*Katie Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:  JOHN WILLIAM REDMANN

REPLY:                                        DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213



EBR3438507

East Baton Rouge Parish Clerk of Court

Page 1 of 1

6004-16-000445

# NOTICE OF SERVICE

**DAWN ELAYNE SEIF, ET AL**
(Plaintiff)

**vs.**

**STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL**
(Defendant)

NUMBER  C646648 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **LOUISIANA OFFICE OF RISK MANAGEMENT
      THROUGH THE HON. BUD THOMPSON:
      1201 NORTH 3RD STREET, SUITE G192
      BATON ROUGE, LA 70802**

GREETINGS:

   You are hereby served with PETITION FOR DAMAGES.   Certified copy(s) is(are) attached hereto,

as requested by **JOHN WILLIAM REDMANN**, Attorney.

   This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **23-MAR-2016.**



*Kati Acosta*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served
on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____ .

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____ .

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____ .

SERVICE:      $_____
MILEAGE      $_____        _____
TOTAL:         $_____                   Deputy Sheriff

**NOTICE OF SERVICE –6004**



EBR3533525

6004-16-000446

# NOTICE OF SERVICE

**DAWN ELAYNE SEIF, ET AL**
(Plaintiff)

**vs.**

**STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL**
(Defendant)

**NUMBER  C646648 SECTION 25**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **GOVERNOR OF LOUISIANA**
  **JOHN BEL EDWARDS**
  **1001 CAPITAL ACCESS ROAD**
  **BATON ROUGE, LA 70802**

GREETINGS:

You are hereby served with PETITION FOR DAMAGES.   Certified copy(s) is(are) attached hereto,

as requested by **JOHN WILLIAM REDMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **23-MAR-2016.**



*Kati Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:  $_____
MILEAGE  $_____           _____
TOTAL:  $_____                         Deputy Sheriff

**NOTICE OF SERVICE –6004**



EBR3533529

# NOTICE OF SERVICE

**DAWN ELAYNE SEIF, ET AL**
(Plaintiff)

**NUMBER  C646648 SECTION 25**

**vs.**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL**
(Defendant)

**STATE OF LOUISIANA**

**TO:  LOUISIANA OFFICE OF RISK MANAGEMENT
THROUGH THE HON. BUD THOMPSON:
1201 NORTH 3RD STREET, SUITE G192
BATON ROUGE, LA 70802**

GREETINGS:

You are hereby served with PETITION FOR DAMAGES.   Certified copy(s) is(are) attached hereto,

as requested by **JOHN WILLIAM REDMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **23-MAR-2016**.

*Kati Acosta*
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:      $_____
MILEAGE       $_____      _____
TOTAL:        $_____           Deputy Sheriff

**NOTICE OF SERVICE –6004**



APR 0 1 2016

I made department service on the below named
LEGAL DEPT. through tendering a copy of this document to
*Trent*
ORM
*L. Raynes #0650*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

**FILED**
**APR 07 2016**
*d.m.*
**DEPUTY CLERK OF COURT**

EBR3533525

2402-16-001632

# CITATION

DAWN ELAYNE SEIF, ET AL
(Plaintiff)

NUMBER  C646648 SECTION 25

vs.

19th JUDICIAL DISTRICT COURT

STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **STATE OF LOUISIANA MILITARY DEPARTMENT**
THROUGH THE LOUISIANA ATTORNEY GENERAL:
JEFF LANDRY
1885 NORTH 3RD ST, 6TH FLOOR
BATON ROUGE, LA 70802

GREETINGS:

     Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

     You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

     This citation was issued by the Clerk of Court for East Baton Rouge Parish on **22-MAR-2016.**



*Katie Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **JOHN WILLIAM REDMANN**

*The following documents are attached:
**PETITION FOR DAMAGES**

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____

I made department service on the below named to
LEGAL DEPT. through tendering a copy of this document to
*Margaret*

SERVICE:  $_____
MILEAGE:  $_____
        $_____

**FILED**

**APR 07 2016**
*a.m.*
**DEPUTY CLERK OF COURT**

Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2402

*L. Paynes* #0650
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR3390054

EBR3533328

East Baton Rouge Parish Clerk of Court

Page 1 of 1

6004-16-000446

# NOTICE OF SERVICE

DAWN ELAYNE SEIF, ET AL
(Plaintiff)

vs.

STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL
(Defendant)

NUMBER  C646648 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **GOVERNOR OF LOUISIANA**
**JOHN BEL EDWARDS**
**1001 CAPITAL ACCESS ROAD**
**BATON ROUGE, LA 70802**

GREETINGS:

You are hereby served with PETITION FOR DAMAGES.   Certified copy(s) is(are) attached hereto,

as requested by **JOHN WILLIAM REDMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **23-MAR-2016**.

_Katii Acosta_
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____ , by leaving the same at his domicile
in this parish in the hands of _____ , a person of suitable age and discretion residing in the said domicile at
_____ .

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____ .

SERVICE:      $_____
MILEAGE      $_____
TOTAL:        $_____

_____
Deputy Sheriff

FILED

APR 08 2016

DEPUTY CLERK OF COURT

NOTICE OF SERVICE –6004   APR 07 2016



I made department service on the below named to
LEGAL DEPT. through tendering a copy of this document to
_Kathleen_

L. _Haynes #F0650_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR3390278

EBR3533529

2302-16-000547

# CITATION

**DAWN ELAYNE SEIF, ET AL**
(Plaintiff)

vs.

**STATE OF LOUISIANA THROUGH THE
MILITARY DEPARTMENT, ET AL**
(Defendant)

NUMBER  C646648 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **LOUISIANA NATIONAL GUARD**
**THROUGH THE ADJUTANT GENERAL FOR LOUISIANA**
**MAJOR GENERAL GLENN H. CURTIS**
**6400 ST. CLAUDE AVENUE**
**NEW ORLEANS, LA 70117**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **22-MAR-2016.**

*Kati Acosta*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **JOHN WILLIAM REDMANN**

*The following documents are attached:
**PETITION FOR DAMAGES**

Received on the 28 day of March , 2016 and on the 6 day of April , 2016 , served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at Maj. Glenn Curtis .

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE:    $_____
TOTAL:      $_____

S. Cooks    470
Deputy Sheriff

**CITATION (OOP) - 2302**

ENTERED

EBR3390546

EBR3533332