UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DAWN ELAYNE SEIF, INDIVIDUALLY**
**AND O/B/O HER MINOR CHILD,**
**JAMES ANDREW SEIF, ET AL.**

**VERSUS**

**STATE OF LOUISIANA, THROUGH**
**THE MILITARY DEPARTMENT AND**
**LOUISIANA NATIONAL GUARD**

**CIVIL ACTION**

**NO. 16-315-JWD-EWD**

### NOTICE AND ORDER

Before the court is a Motion to Remand[1] filed by Plaintiffs: Dawn Elayne Seif, individually and on behalf of her minor child, James Andrew Seif; Lisa Blaylock, individually and on behalf of her minor children, Annabelle Ruth Blaylock and Evelyn Marie Blaylock; Destiny Flynn, individually and on behalf of her minor child, Leilani M. Flynn; Liusa Bawol; and Jenna Kemp, individually and on behalf of her minor children, Makenzie Kemp and Wesley Kemp ("Plaintiffs"). Defendants, the State of Louisiana, through the Military Department of the State of Louisiana (the "Military Department") and the Louisiana National Guard (the "National Guard") (collectively, "Defendants") have filed an opposition.[2]

On May 9, 2016, the Military Department filed a Notice of Removal asserting this court has original jurisdiction pursuant to 28 U.S.C. § 1331.[3] On June 7, 2016, Plaintiffs filed the instant Motion to Remand.[4] Therein, Plaintiffs argue, *inter alia* that the Notice of Removal was untimely[5]

---

[1] R. Doc. 5.

[2] R. Doc. 7.

[3] R. Doc. 1, ¶ 5.

[4] R. Doc. 5.

[5] R. Doc. 5-1, pp. 2-5.

1

and this court lacks federal question subject matter jurisdiction based on the Federal Tort Claims Act ("FTCA").[6]

With regard to the timeliness of the Military Department's removal, although Plaintiffs assert that they properly served Defendants pursuant to La. R.S. § 13:5107, they fail to address the service provision of La. R.S. § 39:1538, which specifically addresses claims against the state "in tort for money damages…for…personal injury, or death…." La. R.S. § 39:1538(1). La. R.S. § 39:1538(4) provides that in actions against the state of Louisiana or any of its agencies to recover in tort, "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general….". Based on the returns of service provided in conjunction with the Military Department's Notice of Removal, Plaintiffs served Defendants as follows: (1) the Office of Risk Management ("ORM") through service on its director, Bud Thompson, on April 1, 2016;[7] (2) the State of Louisiana Military Department, through the Louisiana Attorney General, on April 1, 2016;[8] (3) the Governor of Louisiana on April 7, 2016; and (4) the Louisiana National Guard through the Adjutant General for Louisiana, Major General Glenn H. Curtis, on April 6, 2016.[9] Although the Military Department argues in opposition to remand that the Governor of the State of Louisiana is the proper person to receive service on behalf of the ORM and therefore the Military Department's thirty-day removal period was triggered by service on the Governor on April 7, 2016,[10] it is unclear whether the service requested by Plaintiffs fulfills the requirements of La. R.S. § 39:1538(4).

---

[6] R. Doc. 5-1, pp. 9-10.

[7] R. Doc. 1-2, p. 32.

[8] R. Doc. 1-2, p. 33.

[9] R. Doc. 1-2, p. 35.

[10] R. Doc. 7, p. 7.

With regard to subject matter jurisdiction, the Military Department asserts that "the helicopter crewmen – the allegedly negligent actors – were acting at all relevant times pursuant to Orders issued under the authority of 32 U.S.C. 502, which is one of the statutes specifically referenced by the FTCA as conferring 'employee of the government' status."[11]  In support of its position that the National Guardsmen involved in the March 10, 2015 crash were "federal employees" because they were engaged in training or duty pursuant to 32 U.S.C. § 502, the Military Department argues, *inter alia*, that the investigation report referenced in Plaintiffs' Petition "states that the crewmen were in Title 32 status at the time of the accident."[12]  While Plaintiffs specifically allege that the National Guard personnel involved in the March 10, 2015 crash were not "activated by the federal government" or mobilized "under the authority of Title 10,"[13] they do not address the Military Department's assertion that the National Guard personnel were involved in Title 32 training or duty.  Based on the briefing currently before the court, it is unclear whether the alleged negligent actors were employees of the federal government at the time of the incident which forms the basis of this action.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall submit: (1) additional briefing on the issue of service under La. R.S. § 39:1538(4) specifically addressing (a) the proper recipient for service upon the head of the Military Department, the head of the National Guard, the Office of Risk Management, and the attorney general and (b) how the service evidenced here complies with the statutory requirement that all three entities be served; and (2) additional briefing and evidence

---

[11] R. Doc. 7, p. 2.

[12] R. Doc. 7, p. 2.  Despite the fact that the Military Department apparently relies on the investigation report to support its position that Plaintiffs' claims are covered by the FTCA, it did not attach that report to either its Notice of Removal or its Opposition to Plaintiffs' Motion to Remand.

[13] R. Doc. 1-2, ¶¶ VIII & IX.

3

on the issue of (a) the employment status of the National Guardsmen involved in the subject accident and (b) whether the National Guardsmen were within the scope of federal employment at the time of the accident.  Defendants' supplemental memoranda, not to exceed ten (10) pages, and accompanying evidence shall be submitted within fourteen (14) days of this Notice and Order. Plaintiffs' supplemental memoranda, not to exceed ten (10) pages, and accompanying evidence shall be submitted within fourteen (14) days of the submission of Defendants' memoranda.

      Signed in Baton Rouge, Louisiana, on September 30, 2016.

                             **ERIN WILDER-DOOMES**
                             **UNITED STATES MAGISTRATE JUDGE**