## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**DAWN ELAYNE SEIF, ET AL**         **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, THROUGH**     **NO. 16-315-JWD-EWD**
**THE MILITARY DEPARTMENT AND**
**LOUISIANA NATIONAL GUARD**

---

### REPLY MEMORANDUM

MAY IT PLEASE THE COURT:

Defendants' opposition to the pending Motion to Remand focuses on the multi-service procedural requirements for service on the State, i.e., that "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general." La. R.S. 39:1538. The defendants have argued that "service" is not complete until the last of the mandatory state 'multi-services' are complete, and that only after all of the multi-service requirements are met can the 30-day time period commence for filing Notice of Removal. The State is incorrect in its position, and offers no law or jurisprudential basis in support.

In Reply Plaintiffs submit as follows:

(1) Completing procedural requirements for service on the State is not what initiates the 30-day time period for filing notice of removal -- 28 U.S.C. § 1446 (b) does.

(2) The Fifth Circuit has consistently upheld the "first defendant served" rule, finding that the 30-day time period established by 1446(b) begins to run immediately after the *first* defendant is served.

(3) Applying either or both of these standards to the matter *sub judice*, it is clear that the State's Notice of Removal was untimely filed.

## I.   INITIATING THE 30-DAY TIME PERIOD FOR NOTICE OF REMOVAL

Defendants are unable to cite any case or statute supporting its argument that the procedural requirements for service on the State begins only after all three multi-services are completed, is what begins the 30-day time period for filing notice of removal. None exists.

Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days **after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."** (Emphasis added). The "initial pleading" in the statute refers not only to the complaint but also to any pleading "contain[ing] sufficient information to enable the defendant to intelligently ascertain the basis for removal." *Whitaker v. American Telecasting Incorporated*, 261 F.3d 196, 203 (2d Cir. 2001).

In 1988 section 1446(b) was amended by adding the "except" clause at the end of its second paragraph. Apart from the 1988 amendment adding the "except clause" (and substituting "notice of removal" for "petition for removal"), and a 1965 substitution of "thirty days" for "twenty days", the present language of section 1446(b) has been unchanged since it was substantially rewritten in 1949.

The Fifth Circuit, in *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) states that the 30-day clock begins when the defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action is based. The State received a copy of the initial pleading setting forth the claim for relief upon which such action is based when the Attorney General and Office of Risk Management were served on April 1, 2016. The procedural requirement for serving the Governor was not required for the State to receive a copy of the initial pleading. Thus, Defendants'

notice of removal on May 9, 2016 was beyond the 30-day limit and therefore remand is appropriate.

## II.      THE FIFTH CIRCUIT'S FIRST DEFENDANT SERVED RULE

There are two named defendants named in the subject litigation. Each defendant, by statute required different procedures for service. The State of Louisiana, through the Military Department, required the procedure of service on the head of the department, the attorney general, and the office of risk management.   There are statutorily distinct requirements for service on the second defendant in this litigation.   Service on the Louisiana National Guard requires service on the adjutant general.   This indicates, that while both defendants are associated with the Military Department, they are separate and distinct defendants with separate and distinct service requirements.

Even assuming, *arguendo,* that the State of Louisiana was not "served" until the governor's office was served on April 7, 2016, the fact remains that the Louisiana National Guard was served through the Adjutant General for Louisiana on April 6, 2016. At this point, the *first* defendant was served.

The United States Fifth Circuit Court of Appeals has established a "first-served defendant rule" with respect to the removal of state court cases under the general removal statutes. Under the "first-served defendant rule", the first served defendant in the state court action must file a Notice of Removal with the district court within 30 days of service. Failure to do so will prevent all subsequently served or added defendants from removing the same action. *Brown v. Demco, Inc.,* 792 F. 2d 478, 482 (5th Cir. 1996).

The Fifth Circuit in *Brown* noted that the "first-served defendant rule" is a logical extension of the requirement that there be unanimity with respect to all served defendants who are obligated to join in the removal petition or otherwise face a remand: It is well established that, under 28 U.S.C. §1446(c), all defendants must join in a removal petition [citations omitted]. The general rule... is that '[i]f the first-served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove... due to the rule of unanimity among defendants which is required for removal [citations omitted].

The rule follows logically from the unanimity requirement, the 30-day time limit, and the fact that a defendant may waive removal by proceeding in state court. Moreover, by restricting removal to instances in which the statutes clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statute would be strictly construed against removal.

The Fifth Circuit has repeatedly affirmed the applicability of the "first-served defendant rule" in cases subsequent to Brown, including a case where removal was based on federal question jurisdiction. *See Getty Oil, Div. of Texaco v. Ins. Co. of North Am.,* 841 F. 2d 1254,1263 (5th Cir. 1988) ("... all served defendants must join in the petition no later than 30-days from the day on which the first defendant was served"); *Doe v. Kerwood,* 969 F. 2d 165, 169 (5th Cir. 1992) (in a case involving federal question removal, "a defendant who does not petition for removal within that time period [initial 30 days] loses the right to remove and is precluded from joining in a later removal petition"), *citing, Brown v. Demco, supra* 792 F. 2d at 481-82.

The first-served defendant rule applies equally to federal question removal. *Doe, supra* 969 F. 2d at 169; *Rodriguez v. National Railroad Passenger Corporation,* 483 F. Supp. 2d 553, 559 (W.D. Tex. 2007). In *Rodriguez,* a federally chartered corporation, Amtrak, attempted to remove a multi-party defendant suit to federal court, alleging federal question jurisdiction under §1331. *Rodriguez,* 483 F. Supp. 2d at 558. Even though Amtrak removed on federal question grounds, it did not file its removal petition within 30-days of service on the first-served defendant. In remanding the case the Rodriguez Court held:

> There is no doubt under Fifth Circuit case law interpreting §1441 that a federally chartered corporation sued together with other defendants cannot remove a lawsuit to federal court absence its co-defendants' properly demonstrating consent. There is similarly no doubt Amtrak is subject to the first served defendant rule. The Court finds that plaintiffs are entitled to have this matter remanded to state court on this basis alone.
>
> *Rodriguez,* 483 F. Supp. 2d at 559-60 (emphasis added).

The record shows that the Louisiana National Guard was served on April 6, 2016 and the Notice of Removal was filed on September 9, 2016 -- more than thirty (30) days later. Under the Fifth Circuit's "first defendant served" rule, the Notice of Removal was untimely filed and remand should be granted.

It may be suggested that the United States Supreme Court, in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 488 (1999), may have impliedly overruled the Fifth Circuit's first served defendant rule, but the Fifth Circuit has never overruled its prior decisions addressing the first served defendant rule and district courts in the Fifth Circuit have upheld the rule in numerous decisions after the *Murphy Bros.* decision.

The Eastern District Court, in *Casley v. Barnette,* 2005 WL 517495 (E.D. La. 2005), addressed the argument that the *Murphy Bros.* decision may have affected the long-standing "first defendant served" rule of the Fifth Circuit, holding as follows:

> Defendants contend that that [*Murphy Bros.]* impliedly overruled cases like *Getty Oil, supra,* which have held that the first-served defendant is required to remove the case within thirty days of receipt of process. In *Murphy Bros.,* the issue before the Court was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for plaintiff?" *Id.* at 347, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448. The Supreme Court held that a defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48, 119 S.Ct. 1325. Defendants contend that, in *Murphy Bros.,* the Supreme Court abrogated the unanimity rule. Defendants, however, do not cite a Fifth Circuit case, and this Court has been unable to locate any, which has addressed the issue of *Murphy Bros.'* effect on cases like *Getty Oil.* Moreover, in *Murphy Bros.,* the Supreme Court did not address or even mention the first-served defendant rule. Thus, this Court declines to extend the reasoning of *Murphy Bros.* to overrule the well-established Fifth Circuit precedent of [the first defendant served rule in] *Getty Oil.*

> *Casley* at *2.

The *Murphy Bros.* decision designates four possibilities where the clock begins to run on the 30-day time period to file a notice of removal: (1) If the summons and complaint are served together, the 30-day period for removal runs at once. (2) If the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. (3) If the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. (4) If the

complaint is filed in court prior to any service, the removal period runs from the service of the summons. *Murphy Bros.* at 345-46.

While the Supreme Court presents four scenarios, in all of them a defendant getting summons and complaint are sufficient to start the 30-day clock for notice to remand.  In the matter before this Court, when the State received summons and complaint through service on the Attorney General on April 1, 2016, the 30-day clock began to run.  Even, assuming *arguendo,* that the State did not "receive" summons and complaint until the multi-service procedural requirement was fulfilled, the Louisiana National Guard received summons and complaint through service on the Adjutant General on April 6, 2016.  The State files its Notice of Removal on May 9, 2016.  Thus, under either scenario, the State's filing of Notice of Removal was untimely.

## III.   CONCLUSION

Under the clear wording of 28 U.S.C. § 1446 (b), the Notice of Removal was untimely. Under the Fifth Circuit's "First Defendant Served" rule the Notice of Removal was untimely.  The State has provided no jurisprudential or statutory authority to support its argument that the multi-service procedural requirements for service on the State must be completed before the 30-day clock for removal begins.

The Fifth Circuit has held that any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Maguno,* 276 F.3d at 723, (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 225, 229 (5th Cir.2000)).

WHEREFORE, in consideration of the foregoing, Plaintiffs pray that this Honorable court find that Defendants' Notice of Removal was untimely filed and that Plaintiffs' Motion to Remand should be granted.

Respectfully submitted;
**LAW OFFICE OF JOHN W. REDMANN, LLC**


*/s/ JOHN W. REDMANN*
JOHN W. REDMANN, #19984, T.A.
1100 Westbank Expressway
Gretna, Louisiana 70053
Telephone:    (504) 433-5550
Facsimile:    (504) 433-5556
*Counsel for Plaintiffs*


### CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 28th day of October, 2016.


*s/John W. Redmann*
LAW OFFICE OF JOHN W. REDMANN, LLC