**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DAWN ELAYNE SEIF, INDIVIDUALLY**
**AND O/B/O HER MINOR CHILD,**
**JAMES ANDREW SEIF, ET AL.**

**CIVIL ACTION**

**VERSUS**

**NO. 16-315-JWD-EWD**

**STATE OF LOUISIANA, THROUGH**
**THE MILITARY DEPARTMENT AND**
**LOUISIANA NATIONAL GUARD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 6, 2017.

    **ERIN WILDER-DOOMES**
    **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

DAWN ELAYNE SEIF, INDIVIDUALLY
AND O/B/O HER MINOR CHILD,
JAMES ANDREW SEIF, ET AL.

CIVIL ACTION

VERSUS

NO. 16-315-JWD-EWD

STATE OF LOUISIANA, THROUGH
THE MILITARY DEPARTMENT AND
LOUISIANA NATIONAL GUARD

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by Plaintiffs: Dawn Elayne Seif, individually and on behalf of her minor child, James Andrew Seif; Lisa Blaylock, individually and on behalf of her minor children, Annabelle Ruth Blaylock and Evelyn Marie Blaylock; Destiny Flynn, individually and on behalf of her minor child, Leilani M. Flynn; Liusa Bawol; and Jenna Kemp, individually and on behalf of her minor children, Makenzie Kemp and Wesley Kemp ("Plaintiffs"). Defendant, the State of Louisiana, through the Military Department of the State of Louisiana (the "Military Department") has filed an opposition.[2] Pursuant to this court's September 30, 2016 Notice and Order[3] and December 20, 2016 Report and Order,[4] Plaintiffs and the Military Department both filed additional briefing.[5]

---

[1] R. Doc. 5.

[2] R. Doc. 7.

[3] R. Doc. 13.

[4] R. Doc. 19.

[5] R. Docs. 14, 15, 20 & 23.

For the reasons set forth herein, it is the recommendation[6] of the undersigned that Plaintiffs' Motion to Remand be **GRANTED**.

I.      Background

On March 10, 2016, Plaintiffs filed a Petition for Damages (the "Petition") in state court asserting wrongful death and survival claims against the State of Louisiana, through the Military Department State of Louisiana and the Louisiana National Guard, "a subdivision of the military department of the State of Louisiana"[7] ("Defendants") following the fatal crash of a Louisiana National Guard Blackhawk Model UH-60M, call sign MOJO 69 (the "MOJO 69 Helicopter") piloted by Chief Warrant Officer George Wayne Griffin, Jr. and co-piloted by Chief Warrant Officer, George David Strother, both members of the Louisiana National Guard.[8]

Plaintiffs allege that on or about March 10, 2015, "helicopter crews from the 1st Assault Helicopter Battalion, 244th Aviation Regiment of the Louisiana National Guard were manning and piloting two Blackhawk UH-60M near Santa Rosa Sound in Florida."[9]  Plaintiffs allege that following a decline in the weather the MOJO 69 Helicopter "found itself in thick fog over water," where its "flight path became increasingly erratic."[10] Per Plaintiffs' Petition, "[b]oth pilots of the [MOJO 69 Helicopter] being unable to control their aircraft or orient themselves in compass directions or altitude, the [MOJO 69 Helicopter] crashed into the waters of Santa Rosa Sound at

---

[6] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[7] R. Doc. 1-2, ¶ I.

[8] R. Doc. 1-2, ¶¶ V, XIV.

[9] R. Doc. 1-2, ¶ II.

[10] R. Doc. 1-2, ¶ VI.

2

an angle and airspeed that was not survivable for any of the Marine passengers or Louisiana National Guard aircrew in the helicopter."[11]

Plaintiffs allege that "[a] subsequent joint crash investigation" by the United States Special Operations Command and the Louisiana National Guard found, *inter alia*, "that direct orders not to fly the helicopters under the then-prevailing weather conditions were ignored, and that the failure to follow those orders resulted in the fatal crash."[12] In addition to other deficiencies in training, briefing, and record keeping, Plaintiffs allege that the joint crash investigation "found that the Louisiana National Guard aircrews were not briefed on mission essential tasks, and that crew members did not challenge the pilot and co-pilot's decision to fly in contravention of their orders."[13]

As a result of the fatal crash, Plaintiffs seek damages from Defendants pursuant to Louisiana law.[14] Plaintiffs "specifically do not seek recovery from any National Guard member individually, nor do plaintiffs seek any recovery from any estate or heirs of any National Guard member;"[15] however, Plaintiffs allege that the Military Department and the Louisiana National Guard, as a subdivision of the Military Department, were "responsible under the doctrine of *respondeat superior* for the negligent actions/inactions of enlisted guardsmen engaged in State service, including but not limited to the negligent actions/inactions of decedents Chief Warrant Officer George Wayne Griffin, Jr. and Chief Warrant Officer, George David Strother and other

---

[11] R. Doc. 1-2, ¶ VI.

[12] R. Doc. 1-2, ¶ VII.

[13] R. Doc. 1-2, ¶ VII.

[14] R. Doc. 1-2, ¶¶ X ("Petitioners allege that the laws of the State of Louisiana govern these proceedings…."); XIV ("Plaintiffs specifically demand compensation from defendants for the harm caused by the accident, and the plaintiffs specifically [sic] all of the damages afforded under Louisiana law….").

[15] R. Doc. 1-2, ¶ XIII.

3

members and/or officers of the [National Guard]"[16] (the "Louisiana National Guardsmen"). Plaintiffs assert that "Louisiana law imposes liability for damages caused by the offenses or quasi offenses of members of the National Guard while committed within the course and scope of their National Guard duties when the Federal Tort Claims Act ["FTCA"] does not apply"[17] and further allege that at no time pertinent to this lawsuit, were the Louisiana National Guard and Military Department personnel involved "activated by the federal government, or mobilized ("federalized") under the authority of Title 10 U.S.C."[18]

On May 9, 2016, the Military Department filed a Notice of Removal asserting this court has original jurisdiction pursuant to 28 U.S.C. § 1331.[19] Specifically, the Military Department asserts that this court has original federal question jurisdiction because military personnel were "acting at all relevant times pursuant to Orders given under the authority of Title 32 of the United States Code."[20] The Military Department asserts that "federal interests" predominate and that the training and duties of the National Guard are "nationally required, directed, and supervised by the federal government for the primary benefit of fulfilling national governmental duties…;" that the "National Guard is a federally-established organization under Title 32 of the United States Code, under which liability may only be imposed pursuant to the Federal Tort Claims Act;" and that Louisiana law imposes no liability for acts of national guardsmen on duty or training.[21] Finally, the Military Department asserts that "the claims set forth in the Petition are all subject to defenses

---

[16] R. Doc. 1-2, ¶ I.

[17] R. Doc. 1-2, ¶ X.

[18] R. Doc. 1-2, ¶¶ VIII & IX.

[19] R. Doc. 1, ¶ 5.

[20] R. Doc. 1, ¶ 5.

[21] R. Doc. 1, ¶ 5.

4

as set forth in *Feres v. United States*, 340 U.S. 135, 71 S. Ct. 153 (1950), and subsequent cases (also known as the *Feres* doctrine)."[22]

On June 7, 2016, Plaintiffs filed the instant Motion to Remand.[23]  Therein, Plaintiffs argue that the Notice of Removal was untimely[24] and procedurally defective because the Louisiana National Guard did not consent to removal.[25]  Additionally, Plaintiffs argue that this court lacks federal question subject matter jurisdiction based on the FTCA or any *Feres* doctrine defense.[26]

On December 20, 2016, this court held a hearing on the Motion to Remand.  During the hearing, the court specifically questioned counsel for Plaintiffs regarding how it served: (1) "the head of the department concerned;" (2) the office of risk management; and (3) the attorney general, pursuant to La. R.S. § 39:1538(4).  The court also questioned counsel for Plaintiff regarding whether Plaintiffs had served the attorney general in his capacity as the attorney general (rather than as agent for service of process for the Military Department).  The court then questioned counsel regarding whether subject matter jurisdiction for this suit exists pursuant to the FTCA.  In particular, the court questioned whether Plaintiffs' suit was indeed a suit against the United States. Counsel for Defendants asserted that Defendants had submitted sufficient evidence to establish that the Louisiana National Guardsmen involved in the subject accident were within the scope of federal employment at the time of the accident.  Counsel for Defendants additionally asserted that Defendants had submitted jurisprudence supporting their position that jurisdiction pursuant to the FTCA exists for Plaintiffs' claims despite the fact that Plaintiff sought to "plead around" federal

---

[22] R. Doc. 1, ¶ 5.

[23] R. Doc. 5.

[24] R. Doc. 5-1, pp. 2-5.

[25] R. Doc. 5-1, pp. 5-8.

[26] R. Doc. 5-1, pp. 9-10.

5

jurisdiction. At the conclusion of the hearing, the court granted Plaintiffs' request to submit supplemental briefing and permitted Defendants to respond.[27]

## II. Law and Analysis

### A. Consent to Removal

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Plaintiffs argue that because "[t]here is no timely filed, written indication from the Louisiana National Guard, or from some person purporting to act formally on the defendant's behalf and with the authority to do so, confirming that [the Louisiana National Guard] has actually consented to removal," the Military Department's Notice of Removal was defective and this suit should be remanded.[28]

Pursuant to La. R.S. § 29:1(B), the Military Department "shall be composed of the National Guard, Louisiana State Guard, Louisiana Military Police, and such other offices that may be created or established according to law."[29] As noted by one Louisiana state court, "[t]he Military Department for the State of Louisiana is the proper party defendant for the National Guard…." *Chauncy v. Allen*, 191 So. 3d 25, 28 n. 2 (La. App. 1 Cir. 2016). Accordingly, the undersigned finds that the Military Department's Notice of Removal, by virtue of La. R.S. § 29:1(B), necessarily encompassed the Louisiana National Guard such that a separate consent to such removal by the Louisiana National Guard was not required.[30]

---

[27] R. Docs. 19 & 22.

[28] R. Doc. 5-1, p. 8.

[29] In their Petition, Plaintiffs characterize the National Guard as a "subdivision" of the Military Department. R. Doc. 1-2, ¶ I.

[30] As the court finds that the Louisiana National Guard is not a separate defendant in this matter, all future references in this Report and Recommendation to the Military Department shall apply to both defendants unless otherwise noted.

6

## B. Timeliness of Removal

### 1. The "First Served" Defendant Rule

Plaintiffs argue that "[t]he Fifth Circuit has consistently upheld the 'first defendant served' rule, finding that the 30-day time period established by 1446(b) begins to run immediately after the *first* defendant is served."[31] Plaintiffs assert that they named both the Louisiana National Guard and the State of Louisiana, through the Military Department, as defendants, and that the Louisiana National Guard was served *via* service on the Adjutant General on April 6, 2016.[32] Plaintiffs reason that upon service of the first defendant (the Louisiana National Guard) on April 6, 2016, the thirty-day period for removal began to run for all defendants and therefore the May 9, 2016 Notice of Removal was untimely.[33]

Although the Fifth Circuit previously followed the "first served defendant" rule, 28 U.S.C. § 1446(b) has since been amended to clarify that *each* defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." *See*, *James v. MRC Receivables Corp.*, 2016 WL 3675864, at * 1 (W.D. La. May 25, 2016) ("The Fifth Circuit previously followed the first-served defendant rule, as applied in cases such as *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). That rule required the first-served defendant to remove the case within 30 days, or later-served defendants would be barred from removing because they could not obtain the timely consent of the earlier-served defendant….amendments to 28 U.S.C. § 1446(b)(2)(C) did away with that approach."); *Rouege Trucking, LLC v. Canales*,

---

[31] R. Doc. 15, p. 1.

[32] R. Doc. 15, p. 3.

[33] In Plaintiffs' Memorandum in Support of their Motion to Remand, Plaintiffs argue that the Military Department "was served on April 1, 2016, and any removal filed on March 9, 2016, was filed 38 days after service on the defendant, and is a week too late." R. Doc. 5-1, p. 3. Accordingly, Plaintiffs' initial briefing seems to treat April 1, 2016 as the trigger for the Military Department's 30-day removal period and the Military Department as the first-served defendant. If Plaintiffs are correct, either date would make the Military Department's Notice of Removal untimely.

7

2015 WL 127870, at * 4 (M.D. La. Jan. 7, 2015) ("In cases with multiple defendants, the Fifth Circuit Court of Appeals traditionally followed the first-served defendant rule, under which all of the defendants needed to join in the removal within thirty days of the date that the first defendant was served….But, pursuant to a 2011 statutory amendment adopting the last-served rule, § 1446(b)(2)(B) now states that each defendant has '30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal.'"); 14C Fed. Prac. & Proc. Juris. §3731 (4th ed.) ("Legislation enacted in 2011 ends the Circuit split and endorses the last-served defendant rule, by providing that each defendant shall have 30 days after receipt by, or service on, that defendant of the initial pleading or summons to file the notice of removal, and that if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal, despite its previous failure to initiate or consent to removal.").

It is clear that the law of this Circuit is that service on the last served defendant governs the timeliness of removal. Further, the court has previously determined the Military Department is the proper defendant in this matter. Accordingly, the undersigned focuses on service upon the Military Department to determine the timeliness of the Military Department's removal.

### 2. Service on the Military Department

Pursuant to 28 U.S.C. § 1446(b)(1), the removal of a case is timely if it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based….". The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999), holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the

8

complaint unattended by any formal service." As explained by the Fifth Circuit, the removal statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process….Only after a party is subject to the powers of a court, must it seek to effect removal." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014).

Significantly, "[a]lthough federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Accordingly, this court must consider what constitutes service of process upon the Military Department under Louisiana law in order to determine whether the Military Department's May 9, 2016 Notice of Removal was timely filed. *See*, *e.g.*, *City of Clarksdale*, 428 F.3d at 211-214 (considering Mississippi requirements for service of process on a foreign defendant corporation in order to determine timeliness of removal); *Thompson*, 775 F.3d at 304 (finding removal timely where defendant was not properly served under Texas law such that defendant's thirty-day period for removal did not begin to run). In order to evaluate service of process on the Military Department, two Louisiana state statutes must be considered: La. R.S. §§ 13:5107 and 39:1538. *See*, *Lewis v. Louisiana Dept. of Transp. and Development*, 2011 WL 3502327, at * 1 (E.D. La. Aug. 10, 2011).

La. R.S. § 13:5107 applies to "all suits filed against the state of Louisiana or a state agency…." La. R.S. § 13:5107(A)(1). "Under this statute, a plaintiff that has filed suit against the state of Louisiana or a state agency may serve its citation on one of two parties: the attorney general or the head of the relevant state department or agency." *Lewis*, 2011 WL 3502327, at * 1. *Whitley v. State ex rel. Bd. Of Sup'rs of Louisiana State University*, 66 So. 3d 470, 477 (La. 2011) ("Providing permission to request service on the AG and the head of the agency does not impose a requirement that the plaintiff's request for service pertain to both."); *Burnett v. James Constr.*

9

*Group*, 66 So. 3d 482, 485 (La. 2011) ("A double request for service is not necessary. Clearly, Burnett's request for service on the attorney general alone satisfied the service requirements of LSA-R.S. 13:5107(A).").

La. R.S. § 39:1538 applies to "[c]laims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency…." Because Plaintiffs specifically seek damages in tort for wrongful death and survival claims, La. R.S. § 39:1538(4) requires Plaintiffs to serve the head of the Military Department, the Office of Risk Management ("ORM") and the attorney general. *See*, La. R.S. § 39:1538(1) & (4); *Whitley*, 66 So.3d at 479 ("LSA-R.S. 39:1538(4) utilizes the mandatory 'shall,' which clearly requires that service of process be effected on three entities/persons: the department head, the ORM, and the AG."); *Burnett* 66 So. 3d at 485 (La. 2011) (La. R.S. § 39:1538(4) "requires service of process on the head of the department, the office of risk management, and the attorney general."). Louisiana courts have held that the failure to serve all three entities identified in the statute renders service incomplete and insufficient. *See*, *Harrison v. Louisiana Dept. of Public Safety and Corrections*, 196 So. 3d 724, 726 (La. App. 1 Cir. 2016) (affirming trial court's judgment sustaining defendant's objection to the sufficiency of service of process where plaintiff "failed to request service on the Louisiana Attorney General and the Office of Risk Management, in violation of La. R.S. 39:1538…."); *Calbert v. Batiste*, 109 So. 3d 505, 508 (La. App. 3 Cir. 2013) (affirming trial court's grant of exception of insufficient service of process where defendant served the attorney general but failed to serve the head of DOTD and the Office of Risk Management under La. R.S. § 39:1538(4)).

10

Based on the returns of service provided in conjunction with the Military Department's Notice of Removal, the following service information is before the court:[34] (1) ORM through service on its director, Bud Thompson, on April 1, 2016;[35] (2) the State of Louisiana Military Department, through the Louisiana Attorney General, on April 1, 2016;[36] and (3) the Governor of Louisiana on April 7, 2016.[37]

First, despite the Military Department's assertion that the Governor is the proper person to receive service on ORM,[38] based on La. R.S. § 13:5107(A)(1), service on ORM can also be effected by service through its director, Bud Thompson. Second, the undersigned considers service on the "State of Louisiana Military Department, through the Louisiana Attorney General" to be service on the attorney general for purposes of La. R.S. § 39:1538(4).[39] Accordingly, service on ORM and the attorney general occurred on April 1, 2016, more than thirty days prior to the filing of the Notice of Removal. To determine whether the Military Department's Notice of Removal was timely, the undersigned must therefore consider when service on the head of the Military Department occurred. There is Louisiana statutory authority to suggest that the Governor

---

[34] R. Doc. 1-2, p. 34. Plaintiffs also purportedly served the Louisiana National Guard through the Adjutant General for Louisiana, Major General Glenn H. Curtis, on April 6, 2016. R. Doc. 1-2, p. 35. In their supplemental briefing, Plaintiffs assert that "[s]ervice on the Louisiana National Guard requires service on the adjutant general." R. Doc. 15, p. 3. Plaintiffs provide no statutory or jurisprudential support for this position. However, as discussed above, the undersigned finds that service on the Louisiana National Guard has no relevance to the question of whether the Military Department's Notice of Removal was timely. Further, no party has asserted, and the undersigned finds no basis for, the position that service on the Louisiana National Guard through the Adjutant General for Louisiana would fulfill one of the three prongs for service on the Military Department pursuant to La. R.S. § 39:1538(4).

[35] R. Doc. 1-2, p. 32.

[36] R. Doc. 1-2, p. 33.

[37] R. Doc. 1-2, p. 34.

[38] R. Doc. 7, p. 7 (citing *Woods v. State, Dept. of Health and Hospitals*, 992 So. 2d 1050, 1056 (La. App. 1 Cir. 2008)).

[39] In *Burnett v. James Const. Group*, 66 So. 3d 482, 483 (La. 2011), plaintiff "requested service on DOTD through the attorney general." The court found that the lower court "properly sustained DOTD's declinatory exception of insufficiency of service of process due to [plaintiff's] failure to effect service on DOTD's secretary [the head of the department] and the office of risk management" pursuant to the requirements of La. R.S. § 39:1538(4). *Id.* Accordingly, it appears that the *Burnett* court treated service on "the DOTD through the attorney general" as service on the attorney general.

11

is head of the Military Department.[40]  Assuming service on the Governor constituted service on the head of the Military Department, service on all three entities for purposes of La. R.S. § 39:1538(4) was complete on April 7, 2016 and the Military Department's Notice of Removal was timely.[41]  Conversely, assuming the Governor is not the head of the Military Department for purposes of service under La. R.S. § 39:1538, service pursuant to the statute was never completed because the head of the Military Department was not served.  Consequently, the Military Department's thirty-day period for removal did not begin to run.  Under this scenario, the Military Department's Notice of Removal was timely (and early).  *See*, *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir.2000) ("Generally, service of process is not an absolute prerequisite to removal."); *Foster v. Rescare, Inc.*, 2016 WL 3388387, at *2 n. 13 (E.D. La. June 20, 2016) ("[Defendant] was not required to wait until it was properly served to remove this case.  As the Fifth Circuit has explained, service of process is 'not an absolute prerequisite to removal.'  Once [plaintiff] commenced this action by filing her state-court petition, [defendant] was permitted to remove without waiting to see when, if ever, [plaintiff] would perfect service of process."); *Defrancesch v. Employers Mut. Cas. Co.*, 2007 WL 3172103, at *1 n. 2 (E.D. La. Oct. 29, 2007) ("The Court notes that at the time of removal [defendant] had not been formally served but…formal service of the petition is not required for removal.  On the other hand, the thirty-day period for removal does not begin to run against a defendant until formal service is completed.") (internal citations omitted).  Accordingly, the undersigned finds that the Military Department's Notice of Removal was timely filed.

---

[40] Despite the court's request for the parties to brief the issue, no party has established who the head of the Military Department is.  The court notes that, pursuant to La. R.S. § 29:2, "[t]he governor of the state, by virtue of his office, shall be the commander and chief of the militia of the state."

[41] R. Doc. 1-2.  The thirtieth day following service on the Governor was Saturday, May 7, 2016.  The Military Department filed its Notice of Removal on Monday, May 9, 2016.  Accordingly, if service was complete on April 7, 2016, the Military Department's Notice of Removal was timely.

### C. Jurisdiction Under the Federal Tort Claims Act ("FTCA")

The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  *See also*, *Coa v. Wilson*, 2007 WL 4234097, at * 2 (E.D. La. Nov. 29, 2007) (granting motion to remand where defendants failed to meet their burden of proving federal employment for purposes of the FTCA).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  In opposition to Plaintiffs' Motion to Remand, the Military Department clarifies its position that "Plaintiffs' claims are governed by the Federal Tort Claims Act ('FTCA') over which the federal court has exclusive jurisdiction."[42]

The FTCA, 28 U.S.C. § 1346(b)(1), grants federal courts "exclusive jurisdiction of civil actions or claims against the United States, for money damages…for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *See also*, *David v. U.S.*, 961 F.2d 53, 56 (5th Cir. 1991) ("the Federal Tort Claims Act enables district courts to exercise jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.").

"It is well established that FTCA claims may be brought only against the 'United States,' and not the agencies or employees of the United States."  *Walters v. Smith*, 409 Fed. Appx. 782,

---

[42] R. Doc. 7, p. 2.

783 (5th Cir. 2011) (finding no jurisdictional basis for plaintiffs' claims against individual defendant doctor and Overton Brooks Veteran Affairs Medical Center where Plaintiffs "did not seek leave from the district court to amend their complaint to assert claims against the United States, nor do they assert on appeal that they are entitled to such relief."). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). *See also*, *Atorie Air, Inc. v. Federal Aviation Administration of the United States Department of Transportation, et al.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States. All defendants other than the United States were properly dismissed for lack of subject matter jurisdiction.").

As set forth above, the Fifth Circuit has consistently held the FTCA's exclusive grant of federal jurisdiction extends *only* to claims against the United States. Accordingly, suits against federal agencies or employees must be dismissed for want of jurisdiction. Here, the undersigned finds that Plaintiffs' claims against the Military Department are even further removed from the FTCA's exclusive grant of federal jurisdiction. Plaintiffs have not named the United States as a defendant. Defendants have not sought to name the United States as a third party defendant, nor has the United States moved to intervene in this suit. While Plaintiffs have sued the Military Department (an arm of the State of Louisiana) and one of its subdivisions, Plaintiffs "specifically do not seek recovery from any National Guard member individually, nor do plaintiffs seek any recovery from any estate or heirs of any National Guard member."[43] Accordingly, even assuming *arguendo* that the Louisiana National Guardsmen involved in the MOJO 69 Helicopter crash were

---

[43] R. Doc. 1-2, ¶ XIII.

14

federal employees as the Military Department asserts, Plaintiffs have not brought claims against those employees.

The Military Department contends that "[t]he fact that Plaintiffs in this case have sued only state government entities rather than individual members of the National Guard is of no consequence."[44] As the undersigned understands it, the Military Department's position is that the only possible proper defendant in this action is the United States.[45] The Military Department's argument misses the mark. While the Military Department apparently believes Plaintiffs failed to state a cause and/or right of action, that is not the issue presently before the court. The United States is not a party to this suit and Plaintiffs have specifically stated they are not asserting FTCA claims. The cases upon which the Military Department relies for the proposition that Plaintiffs cannot effectively "plead around" the FTCA do not govern the question of whether the FTCA applies to establish jurisdiction where the United States is not a party because in those cases, the United States *was* a party to the suit. *See*, *Fanslau v. 177th Fighter Wing of the Air National Guard of the State of New Jersey, et al.*, 2006 WL 1798653 (D. N.J. June 28, 2006) (United States intervened in suit pending in Superior Court of New Jersey, removed suit to the United States District Court for the District of Jew Jersey and thereafter moved for summary judgment on the basis of intra-military immunity); *Matreale v. New Jersey Dept. of Military & Veterans Affairs*, 487 F.3d 150 (3rd Cir. 2007) & *Matreale v. New Jersey Dept. of Military & Veterans Affairs*, 418 F.Supp.3d 603, 606 (D. N.J. 2006) (National Guard of the United States intervened in suit,

---

[44] R. Doc. 7, p. 3.

[45] The Military Department argues that "the exclusive remedy for Plaintiffs' claims is to bring a claim against the United States pursuant to the FTCA" and that "Plaintiffs' only recourse for injuries or damages arising out of the March 10, 2015 training mission is a suit against the United States under the FTCA. For these reasons, this Court has exclusive jurisdiction over this action and Plaintiffs' Motion to Remand should be denied." R. Doc. 7, p. 3.

removed the case to the District of New Jersey).[46] Without the presence of the United States as a party, the FTCA cannot apply and this court lacks subject matter jurisdiction over this suit.[47] No cases relied upon by the Military Department support a contrary result.

The undersigned makes no determination here with respect to the question of whether Plaintiffs could have sued the United States pursuant to the FTCA.[48] Likewise, the undersigned does not consider whether Plaintiffs have stated a cause or right of action against the State of Louisiana. The undersigned's recommendation to remand this suit is based on the simple premise that in order for there to be federal question jurisdiction over this suit under the FTCA, the United States would have to be a party and it is not. *See*, *e.g.*, *Columbia Gas Transmission LLC v. United States of America, West Virginia National Guard, West Virginia State Armory Board, Adjutant General of West Virginia, and Tri-State Airport Authority*, 2015 WL 4276334, at * 4 n. 2 (S.D. W. Va. July 14, 2015) (Limiting consideration of a motion to dismiss plaintiff's FTCA claims only to those claims against the United States where plaintiff sued multiple entities, including the State

---

[46] The court notes that both *Fanslau* and *Matreale* analyzed the issue of intra-military immunity first enunciated in *Feres v. United States*, 340 U.S. 135 (1950). Neither case considered the question of the court's federal subject matter jurisdiction pursuant to the FTCA. The undersigned agrees with Plaintiffs that a federal defense cannot provide the basis for removal. *See*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Moreover, to the extent the *Feres* doctrine applies, federal courts have treated motions to dismiss pursuant to *Feres* as a motion to dismiss for *lack* of subject matter jurisdiction. *See*, *Davidson v. U.S.*, 117 F.Supp.3d 876, 877 (N.D. Miss. 2015). Accordingly, the potential applicability of *Feres* (which the court does not reach herein), would not provide a basis for federal jurisdiction.

[47] The Westfall Act, 28 U.S.C. § 2679, amended the FTCA to permit the United States to remove an action and be substituted as a party defendant upon certification that the defendants are federal employees. *See*, 28 U.S.C. § 2679(d)(2). However, the United States did not remove this action and Defendants have not moved to make the United States a third party defendant. *Compare*, *Burleigh v. James*, 2015 WL 8489354, at * 1 (W.D. La. Aug. 6, 2015) (defendants sought certification of James' federal employment status by the U.S. Attorney and thereafter petitioned the court to certify James' employment status and moved to make the United States a third-party defendant). Defendants in this matter have taken no such action.

[48] The Military Department argues that the alleged acts and omissions of the National Guardsmen occurred while they were engaged in Title 32 training or duty (such that the National Guardsmen would be considered federal employees) and within the scope of their federal employment, such that the National Guardsmen would be covered by the FTCA. *See*, 28 U.S.C. § 1346(b)(1) & 28 U.S.C. § 2679(b)(1). However, as discussed above, Plaintiffs *have not* sued the United States, and the United States has not intervened, been substituted as the defendant in this suit, or been named as a third party defendant.

Army National Guard and State Adjutant General and explaining that "[t]o the extent that [plaintiff] intended to pursue claims against other Defendants [besides the United States] under the FTCA [including the state National Guard], those claims cannot proceed. Dismissal of FTCA claims against defendants other than the United States is not a matter of parsing hybrid state-federal nature of such defendants or determining whether actions of federal employees are within the discretionary function exception, but rather flows from the considerably more simple premise that the only appropriate defendant in an FTCA action is the United States. Thus, [plaintiff's] FTCA-based claims are against the United States, and [plaintiff's] theory of recovery may well be that the United States is liable under the FTCA for the tortious acts of its federal employees, agents, or instrumentalities (*e.g.*, West Virginia Army National Guard technicians).").

### III.  Conclusion

For the reasons set forth herein, it is the recommendation of the undersigned that Plaintiffs' Motion to Remand[49] be **GRANTED**.

Signed in Baton Rouge, Louisiana, on January 6, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 5.